Trippe, Judge.
1. The plaintiff below, on the trial, did not except or demur to the plea of defendant, on the ground that it was not as specific in its details as section 3419 of the Code requires. The evidence on the question of usury was all admitted without objection; the whole argument to the jury was on that evidence, indeed, the plea of usury was the only defense insisted on, and it was error in the Court to charge the jury that because the plea did not contain all the specifications the law *required, they could not consider it. The plea did state the rate per cent, of interest which was agreed to be paid, and that the usury in the notes sued on was as much as the amount of the notes. This may have been a defective plea, and a demurrer for want of being full enough as to -all the facts required by the Code, might have been sustained. But it was too late to raise this objection after all the evidence was introduced and argument heard, by asking the Court to charge the jury that they could not consider the plea. If the plaintiff would not have been bound by a waiver of a plea altogether, he certainly could bind himself by waiving a plea defective only in not being full in all the details entering into it. His ; ction in this case was as *492 strong a waiver as if it had been in writing, and it would be giving a party an unjust advantage to permit him to raise Such a point by a request for the Court so to charge. See 39 Georgia, 708.
2. The doctrine of novation insisted on by the counsel for defendant in error does not apply in this case. The question is, was' the contract purged of the usury. We do not think it was. Two of the original three debtors made the new noces, (the third debtor having left the State, insolvent) the notes were given to the same party who held them before, and the full amount of the claim, usury and all, was included in the new contract. It is true the mortgage was given up; but if that were sufficient to purge a contract of usury, it would open the djir so that the whole law of usury could have been set aside, if the lender ever demanded and took a mortgage as a security and afterwards, upon agreement, canceled it.
Section 2025 of the Code says: “The effect of usury is co annul and make void the contract for the usury; the lender having the right to recover the principal sum loaned, with interest.” If, by the statute, that portion of the contract in excess of the lawful rate of interest is annulled and made void, the parties to that contract cannot make it valid and binding. The substitution by the parties of a new note or bond for one affected by usury will not avail: 3 Esp. 22; 8 T. R., 390.
If the parties agree that the bond or note shall hr destroyed, *and that the borrower should give a new one to a 'third party to whom the lender owed the same amount, and it be done, the new obligation was held good: 7 Mod., 118. So where a promissory note, tainted with usury, was transferred to a third party, who knew nothing of the usury, for a valuable consideration, and the maker of the note afterwards gave that party a bond for it, such bond was held valid: 8 T. R., 390. But if that holder, upon being informed of the usury, take a new bill in lieu of it, drawn by one of the parties to the original usury and accepted by a third person for the accommodation of the other party, he cannot maintain an action against the acceptor: 2 B. & A., 588.
Comyn on Usury, page 185, lays down the general rule, that when the original parties to the usury are parties to the new contract or security, and it be given in substitution of the old one, such new cpntract or security will be void. If when the new security is given, the usury is deducted, and the new promise is to pay only the principal with lawful interest, that promise, according to all the authorities, is valid. But as we have said, in this case the present parties to this contract were original parties to the first contract, and it is given for the unpaid balance of that contract, usury included.
Judgment reversed.