Howard vs. Barrett.

JOHN A. HOWARD, plaintiff in error, vs. ISAIAH B. BARRETT, defendant in error.

| 52 | 15 |
| 86 | 629 |
| 52 | 15 |
| 90 | 659 |
| 52 | 15 |
| 120 | 446 |

1. On the trial of an appeal from the court of ordinary, in the matter of an application by a ward for a settlement with his guardian, the superior court has the same power to mould its judgment for the enforcement of the rights of the parties as if suit had been originally instituted in that court.

2. Although the pleadings may not present the whole issue covered by the verdict and judgment, yet, if it be fully made by the evidence without objection, it is too late, after verdict, for the losing party to make that the ground of a motion for a new trial.

Guardian and ward. Ordinary. Appeal. New trial. Verdict. Before Judge HILL. Houston Superior Court. May Adjourned Term, 1873.

Barrett cited Howard, as his guardian, to appear before the court of ordinary of Houston county, for a settlement. After an investigation, the court rendered a judgment in favor of the defendant for eighty-five cents. The case, at the instance of plaintiff, was carried by appeal to the superior court. Upon the trial had in said tribunal, the evidence made this case:

The defendant was the administrator of James E. Barrett, the father of plaintiff. At the sale of the property of deceased, a draft of $500 00 was paid to defendant, which he used in settling for the west half of lot of land number thirty-seven, in the ninth district of Houston county, which he was purchasing for the plaintiff. The price of the land was $1,000 00. He subsequently paid the balance out of the funds of said estate.

The above stated facts were not denied by defendant, but he produced a note against the plaintiff for $994 62, given after he became of age, which was sufficient to cover the amount shown to be due to plaintiff by the defendant's returns. This note the defendant claimed should be set off against said balance. Plaintiff, on the contrary, testified that the aforesaid note was for supplies the defendant had furnished him to carry on his farm and support his family while he was a minor. That when the settlement was made which resulted in said note being given, it was understood to have nothing to do with the proceedings before the ordinary nor with the question as to the land. That the account of defendant against him was a private one, and not as guardian. That he has improved the land, and it is now worth, as a home, from $1,500 to $2,000 00. In this statement plaintiff was corroborated by James A. and Joseph B. Barrett.

The defendant and A. H. Draper testified to the contrary. Both stated that plaintiff was insolvent. The title to the land was taken to the defendant, but he intended it for plaintiff, should he be able to pay for it. He was not able to pay for it, and defendant therefore retained the title.

The jury returned a verdict requiring the defendant to convey the aforesaid land to plaintiff, and discharging him from any further liability as guardian.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the court charged, "that if the jury shall believe from the evidence that the guardian, having the money of his ward in his hands, invested the same in the purchase

of the land in controversy, (the ward being a minor,) and paid for it with the ward's money, and put his ward into possession of the land, who occupied it until he became of age, and on coming of age ratified the purchase, and that the guardian took the deed to the premises in his own name, then you will find that the guardian, Howard, shall, by deed, convey the land to plaintiff, and his account be credited with the purchase money at the date of payment."

2d. Because the court charged the jury, "that if Howard and Barrett afterwards, and after going into possession of the land, had private transactions (while a minor) outside of their relation of guardian and ward, and that Barrett, after coming of age, settled these matters by giving the note in evidence, and that at the time of giving the note it was agreed between them that the note should not be brought in or used in the settlement of the account between them as guardian and ward, then you will carry out such agreement, and not take the note into the account in the settlement."

3d. Because the court charged, "that if Barrett, in carrying on the plantation while a minor, by permission of the guardian, lost money and became insolvent, such fact creates no equity on the part of the guardian by which the agreement between them as to the note can be disregarded and annulled by you."

4th. Because the jury found contrary to the law and the evidence.

The motion was overruled, and defendant excepted.

WARREN & GRICE, for plaintiff in error.

DUNCAN & MILLER, for defendant.

TRIPPE, Judge.

The jury certainly found from the testimony that plaintiff in error invested the money of his ward in the land, to which the guardian was ordered by the verdict to make titles to the ward. There was positive testimony strongly showing that

this was the fact. All this evidence was admitted without objection, so far as the record shows. The issues were thus presented, heard and passed upon. There was nothing in those issues over which the superior court did not have jurisdiction, and the jury had the power to render the verdict they found. No point was made on the trial, so far as we can discover, that the pleadings did not present the issue found by the jury, or that the proceedings having been first instituted in the court of ordinary, the power of the superior court over the case was therefore limited to what the ordinary might have done. The subject matter covered by the verdict was within the jurisdiction of the superior court. It had authority to hear and determine just what was decided, and even if the form of the proceedings or the pleadings did not directly raise it, the evidence did, and this evidence was not objected to, and it is too late after verdict for the losing party to make that the ground of a motion for a new trial: See *Seisel & Brother vs. Harris*, 48 *Ga.*, 652 ; *Field vs. Martin, administratrix*, 49 *Georgia*, 268 ; *Haiman & Brother vs. Moses & Garrard*, 39 *Ga.*, 708.

Judgment affirmed.