THE CENTRAL RAILROAD & BANKING CO. *v.* NEWMAN.

1. Where the injury complained of was the result of mutual negligence by the plaintiff's servant and the defendant, there can be no recovery unless the servant was less in fault than the defendant.
2. When the defendant's wrongful act was not only a failure in diligence but was willful or so grossly negligent as to be wanton and reckless, the mere failure of the plaintiff or his servant in the exercise of ordinary care will not defeat a recovery.

June 25, 1894.  Argued at the last term.        *Judgment reversed.*

Action for damages. Before Judge Ross. City court of Macon. September term, 1892.

Newman sued the railroad company for killing a horse and destroying a baker's delivery-wagon and harness and a load of bread. The jury found for the plaintiff $322.80, and defendant excepted to the denial of a new trial. The declaration alleged that the injuries were done on Elm street, a public street in the city of Macon, while defendant's passenger-train was being run at a high rate of speed, in a grossly negligent and reckless manner, without due caution and circumspection and without conforming to the requirements of law in approaching and crossing a public street or highway. The material grounds for new trial were, that the court erred in the following charges to the jury:

1. "If the defendant should prove that the plaintiff

himself was partly to blame, partly at fault himself for the injury, although he might not have been able to avoid it entirely by the exercise of ordinary care, still if he was at fault partly, and the railroad was at fault also, then the amount of recovery would be lessened by the proportion that the fault of the plaintiff bore to the fault of the defendant.   In other words, if the damages were $500, and they were both, in your opinion according to the evidence, equally to blame, the plaintiff would not be entitled to recover but $250; and if the plaintiff was three fourths to blame and the defendant was one fourth to blame, the same proportion would hold good; or if the plaintiff was one fifth to blame and the defendant four fifths to blame, these proportions would still be carried out.   You catch the idea: that if you should find that the plaintiff could not have avoided the injury entirely by the exercise of ordinary care on his part, and yet that he and defendant company were both to blame, you would then determine from the evidence the relative degree of their negligence, by the fault which contributed to or caused the injury and damage, and would lessen the plaintiff's recovery according to the amount of his proven damage, according as his negligence or fault was proportioned to the negligence or fault of the defendant company."

2. "Whatever negligence the defendant company may have been guilty of, unless it amounted to gross and wanton negligence and utter disregard of the right of others, and of wanton negligence and gross negligence which amounts to wilful misconduct on the part of the agents or employees of the defendant company, whatever their negligence may have been, even though they were negligent, unless it was such negligence as that, the plaintiff would not have any right to recover, if by the exercise of ordinary care on his part he could have avoided any injury consequent upon the negligence of

v 94-36

the defendant. You understand, therefore, that whatever may have been the negligence of this railroad company in this matter, unless that negligence amounted, in your opinion from the evidence, to wanton, wilful negligence, or at least to gross negligence that amounts to wanton wilfulness, the plaintiff cannot recover, if he could have avoided this collision by the exercise of ordinary care on his part." Defendant contended that this was error, in that there was no evidence that there was any wanton or wilful negligence or gross negligence on its part; and in that the statute makes no such exception or qualification in favor of the plaintiff's right to recover, if he could have avoided the consequences of defendant's negligence.

STEED & WIMBERLY and JOHN R. COOPER, for plaintiff in error.    J. A. THOMAS and B. B. WHITE, *contra*.