## SOUTHERN RAILWAY COMPANY v. WATSON.

1. It was, in the trial of an action for damages to personalty against a railroad company, erroneous, after reading section 2322 of the Civil Code, to charge, without qualification or explanation, as follows: "That is what we call contributory negligence. If both parties are at fault, the plaintiff would be entitled to recover, but the jury would have the right to scale his damages."
2. It was also, in such case, erroneous to charge as follows: "To illustrate: if the fault was about half and half, one party as much at fault as the other—the jury so thought, you would have the right to give the plaintiff half damages."

Argued February 28,—Decided April 13, 1898.

Action for damages. Before Judge Janes. Douglas superior court. May term, 1897.

*B. G. Griggs*, for plaintiff in error.

*J. H. McLarty* and *A. L. Bartlett*, contra.

LITTLE, J. 1. The defendant in error brought suit against the railway company in a justice's court in Douglas county, to

recover damages for killing a certain bay mare mule, alleging his damage to be $85. The trial resulted in a judgment for the plaintiff for $60, and the company entered an appeal to the superior court. The case was there tried, and a verdict rendered for the plaintiff for the sum of $65 and cost of suit. The defendant made a motion for new trial, which was overruled, and it excepted. It appears from the evidence in the record, that a small negro boy was driving a mule which was struck by a passing locomotive at the crossing of a public road in the town of Douglasville; and the question was, whether such killing was the result of negligence on the part of the railroad company. It is apparent from the record that the driver was not experienced in the management of the animal which he was driving; and it was contended that the injury was inflicted on the animal in consequence of the negligence and want of care on the part of the driver. While the evidence was meager in some of its details, we do not reverse the judgment because the verdict was contrary to the evidence, which was one of the grounds of the motion. There was sufficient evidence to authorize the jury to reach the conclusion which they did; and as they are the judges of the facts, their verdict can not be disturbed for the want of evidence. Another ground of the motion is, because the court, after giving in charge to the jury the provisions of law contained in section 2322 of the Civil Code, that "No person shall recover from a railroad company for injury to himself, or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him," added as follows: "That is what we call contributory negligence. If both parties are at fault, the plaintiff would be entitled to recover, but the jury would have the right to scale his damages." This charge, while the statement of a correct legal proposition, does not measure the right of recovery in such cases, and, if left to stand alone, is error. Its legal effect is to establish the proposition that, without qualification, whenever the plaintiff and the agents of the

company were both at fault, the plaintiff might recover, but the jury would have the right to lessen his damages.

While this principle is contained in the section of the code above referred to, there is another provision of law which the judge probably overlooked in his charge. That is to say, if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. These sections of the code are not in conflict. They must both be allowed to stand as the law governing cases of this character; and when construed with reference to each other, the provision of law is, that when both parties are at fault the plaintiff may nevertheless recover, and the damage shall in such cases be diminished by the jury in proportion to the amount of default attributable to him; but if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover at all. Civil Code, § 3830. This is undoubtedly a true statement of the proposition, because the section which authorizes the plaintiff to recover when both are at fault (§ 2322) declares in the first paragraph that no person shall recover damages from a railroad company for injury to himself, or his property, where the same is done by his consent, or is caused by his own negligence. It must be noted that the matter to be avoided by ordinary care is the consequence to plaintiff when the defendant is negligent; and a proper construction of the section of the code referred to is, that if the defendant is negligent, the plaintiff can not recover if he could have avoided the consequences to himself by the exercise of ordinary care. The concluding sentence of section 3830, which is in these words: "But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained," has reference alone to that class of cases in which the plaintiff could not by the exercise of ordinary care have avoided the consequences to himself caused by the defendant's negligence.

This court, in the case of *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie,* 87 *Ga.* 6, reversed the judge below because he charged the jury as follows: "If by the exercise of ordinary

care and diligence the plaintiff could have avoided the consequences to herself of the defendant's negligence, she can not recover; but if both parties were at fault, and the alleged injury was the result of the fault of both, then, notwithstanding the plaintiff's negligence, she would be entitled to recover, but the amount of the recovery would be abated in proportion to the amount of default on her part." In that case, Justice Lumpkin, in construing these sections of the code, says: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence. The law also clearly contemplates cases in which, while the plaintiff is to some extent negligent, he nevertheless could not, by using ordinary care, have avoided an injury resulting from defendant's negligence." This we understand to be the law. See *Southern Railway Co.* v. *Blake*, 101 *Ga.* 221. In the case of *Luckie*, supra, the learned judge formulates a charge which involves the provisions of law contained in these two sections of the code, and which seems to be correct, in the following words: "But if both were at fault, and the alleged injury was the result of the fault of both, and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendant's negligence, then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of the damage should be apportioned," etc. In the case of *Macon & Western Railroad Co.* v. *Johnson*, 38 *Ga.* 33, McCay, J., delivering the opinion of the court, says, construing these two sections of the code: "If the plaintiff by the exercise of ordinary care could have avoided the consequences to himself of the defendant's negligence, he can not recover at all; but in other cases (that is in cases where by ordinary care he could *not* have avoided the consequences of defendant's negligence) the circumstance that the plaintiff may have in some way contributed to the injury sustained shall not entirely relieve defendant, but

the damages shall be apportioned according to the amount of default attributed to each." Tested by these rulings, the charge of the court complained of was error.

2. It was further complained in one of the grounds of the motion that the court erred, after giving the above charge, in further charging as follows: "If the fault was about half and half, one about as much at fault as the other—the jury so thought, you would have the right to give the plaintiff one half damages." This charge also we think was error. In the case of the *Central Railroad Co.* v. *Newman*, 94 *Ga.* 560, which was a suit against the railroad company for killing a horse, etc., the court, among other things, charged the jury (as an illustration) that "if the damages were $500, and they were both, in your opinion according to the evidence, equally to blame, the plaintiff would not be entitled to recover but $250; and if the plaintiff was three fourths to blame and the defendant was one fourth to blame, the same proportion would hold good; or if the plaintiff was one fifth to blame and the defendant four fifths to blame, these proportions would still be carried out." This court on review of the charge held that it was error, and said : "Where the injury complained of was the result of mutual negligence by the plaintiff's servant and the defendant, there can be no recovery unless the servant was less in fault than the defendant." That decision rules the point made here, where the court expressly charged that if the fault was about half and half, the jury would have the right to give plaintiff damages. In the case of *M. & W. R. R. Co.* v. *Winn*, 19 *Ga.* 445, which involved the question of the right of the plaintiff to recover damages for personal injuries when it was alleged that he was in fault, Lumpkin, J., in discussing the law applicable, says, "And the law, in conformity with common sense, declares that if both parties are equally in the wrong, neither can or ought to maintain an action against the other. The right of action does not depend upon which party happens to suffer." In the case of *M. & W. R. R. Co.* v. *Davis*, 27 *Ga.* 119, McDonald, J., delivering the opinion of the court when the same question was involved, says: "It might so happen in a case of mutual negligence that the jury could not

determine the preponderance of the blame; and some authorities say that in such case, there being no mode of apportioning damages at law, there can be no recovery"; citing 6 Whart. These are authorities which rule the case in favor of the plaintiff in error on the points made; and in accordance with such rulings, the judgment of the court below must be

*Reversed. All the Justices concurring, except Cobb, J., absent.*