1052.    MACON RAILWAY AND LIGHT COMPANY *v.*

CARGER, administratrix.

1. There was no abuse of discretion in overruling the motion for a continuance.
2. The true interpretation of section 2322 of the Civil Code, where applicable to injuries caused by mutual fault or negligence, is that the plaintiff can only recover when his contributory fault or negligence is less than that of the defendant. The language of the charge excepted to conveys the impression that the plaintiff's negligence, where the defendant is also negligent, is material only on the question of the diminution of damages, and not on the right to recover at all, and for this reason was erroneous. The error, however, was harmless, as there was no evidence of any mutual fault, the issue being only as to whether the negligence of the plaintiff or the negligence of the defendant caused the injuries, and the jury was fully and correctly instructed on this issue and settled the conflict in the evidence.

Action for damages, from city court of Macon—Judge Hodges. February 11, 1908.

Argued April 22,—Decided July 8, 1908.

*Roland Ellis,* for plaintiff in error.

*R. D. Feagin, J. H. Hall, Warren Roberts,* contra.

HILL, C. J.    This is a suit against the Macon Railway and Light Company for damages on account of personal injuries, alleged to have been caused by the negligence of a motorman of the street-car company in unnecessarily ringing the bell and not stopping the car when he saw that the mules which the plaintiff was driving to a wagon loaded with wood were thereby frightened. The allegations of the petition, which were proved by the evidence in behalf of the plaintiff, were substantially as follows:    The plaintiff was driving a wagon loaded with wood, and had just turned into the street on which the car was approaching, when he saw the

car.   On account of the narrowness of the street he could not safely pass the car without crossing the track in front of the car to the other side of the street, and he could not safely do this, on account of the rapid approach of the car.   His mules became frightened at the noise of the approaching car and the ringing of the bell, and he waved his hand at the motorman to stop the car or to slow down so that his wagon could pass.   The motorman saw that the mules were frightened, and, instead of stopping his car, continued to ring his foot-bell and continued at the same rate of speed to approach the team.   This frightened the mules, and they backed the wagon into a ditch and overturned it with the wood on the plaintiff; which caused the injuries complained of.   The car was about 25 steps from the plaintiff when he gave the signal to stop, and the motorman then had the car under control and could have stopped it, but he ran the car beyond the wagon for about 50 steps before stopping.   The plaintiff could have safely passed the car, if his signal had been obeyed and the car had stopped. The evidence in behalf of the defendant showed, in brief, that the motorman did not ring the bell in approaching the team; that the mules were not frightened by the approach of the car; that the street on which the plaintiff was driving was wide enough for him to drive by the car, and that, by his own carelessness, he pulled his mules too far to the right and drove into the ditch on the side of the street; that the wagon was falling into the ditch and he jumped off the wagon in order to catch it, and attempted to hold it, but it was too heavy, and it forced him down on his knees and mashed him on the ground, and the wagon fell across his legs; that the car never struck his wagon, and that the mules were never frightened.   The jury found a verdict for the plaintiff, for $350, and the defendant's motion for a new trial was overruled.

When the case was called for trial, the defendant, through its counsel, made a motion for a continuance, on account of the absence of the motorman of the car, who had been subpœnaed and had been in attendance on the court when the case was expected to be tried at the previous term.   In support of this motion the attorney for the defendant stated, that he had talked with the absent witness and he expected to show by him that he did not ring the bell, and the mules were not frightened, and that the plaintiff by his own negligence pulled his team into the ditch and the wagon

fell on him; that he, as attorney, had had another subpœna issued
for the absent witness, but, when the officer went to serve it, he was
informed that the witness had moved from the county; that he
did not know that the witness had moved from the county, and
that the witness was not absent by his leave or consent; that
if he had known of the witness's removal from the county, he
had plenty of opportunity to take his testimony and would have
done so; that the motion was not made for the purpose of delay,
and that he would have the witness present at the next term of
the court; that he had not before that day learned of the re-
moval of the witness from the county; that he first learned of it
when the sheriff, on that day, went to where the witness had
previously lived, to serve him with the subpœna. The absent
witness did not then work for the defendant company. There
was no evidence to show that the defendant itself did not know of
the change of residence of the witness in time to get his testimony,
nor did counsel make any statement that the duty of procuring
the witness had been entirely entrusted to him by the defendant.
The court overruled the motion, and this judgment constitutes
one of the grounds in the motion for a new trial.

1. The showing for a continuance was insufficient, in that it
did not appear that the change of residence by the absent witness
after he had been subpœnaed was not known to the defendant, be-
fore the trial, in time to have procured his testimony. The state-
ment of the attorney for the defendant that he, as such attorney,
did not know of this change of residence until the day of the trial
was not sufficient, unless supplemented by proof either that the
party also did not know of such change of residence, or that the
relationship of the attorney to the corporation was such that he
was the official charged with the duty of procuring the attendance
of the witness. The court, therefore, did not abuse its discretion in
overruling the motion for a continuance.

2. The following instruction of the court is assigned as error:
"If you believe, from a consideration of the evidence, that both
parties were at fault, and that the alleged injury was the result of
the fault of both parties, and you further find, from the evidence,
that the plaintiff could not, by the exercise of ordinary care, have
avoided the injury occasioned by the defendant's negligence, then,
notwithstanding the plaintiff having been to some extent negligent,

the plaintiff would be entitled to recover, but the amount of damages should be diminished by you in proportion to the amount of fault attributable to the plaintiff, from a consideration of the evidence adduced upon the trial." It is contended that this was "an erroneous statement of the law, because it instructed the jury to find in favor of the plaintiff even though the fault of the plaintiff was greater than the fault of the defendant." We think this charge, without further explanation, is subject to the criticism. made. The jury could have inferred, from the charge, that it made no difference as to the extent of the plaintiff's contributory negligence, if it appeared that the defendant was also negligent. The court should have gone further and instructed the jury that the plaintiff could not recover at all, if he was guilty of contributory negligence, unless it appeared that the negligence of the defendant preponderated in causing his injuries. Section 2322 of the Civil Code has been frequently construed by the Supreme Court, and it has been uniformly held that where there was mutual fault the plaintiff could not recover, unless the fault of the defendant, contributing to his injury, was greater than his own. In *Macon & Western R. Co.* v. *Davis,* 27 *Ga.* 113, it was held, that "In suits against a railroad company, if it appear that there was mutual fault, the party guilty of the greater wrong or negligence must be regarded as an original aggressor." In *Southern Ry. Co.* v. *Watson,* 104 *Ga.* 243 (30 S. E. 818), the following charge on the subject of contributory negligence was held erroneous: "If both parties are at fault, the plaintiff would be entitled to recover, but the jury would have the right to scale the damages." "To illustrate: if the fault was about half and half, one party as much at fault as the other, . . you would have the right to give the plaintiff half damages." In the case of *Central R. Co.* v. *Newman,* 94 *Ga.* 560 (21 S. E. 219), it was held that "where the injury complained of was the result of mutual negligence by the plaintiff's servant and the defendant, there can be no recovery unless the servant was less at fault than the defendant." In *Macon & Western R. Co.* v. *Winn,* 19 *Ga.* 445, Chief Justice Lumpkin, in discussing the principle now under consideration, says: "the law, in conformity with common sense, declares that if both parties are equally in the wrong, neither can or ought to maintain an action against the other." See also *Brunswick & Western R. Co.* v. *Wiggins,* 113

*Ga.* 849 (39 S. E. 55), 61 L. R. A. 513) ; *Willingham* v. *M. & B. Ry. Co.,* 113 *Ga.* 374 (38 S. E. 843).

It is clear, from these repeated rulings of the Supreme Court, construing §2322, supra, that there can be no recovery in a case of mutual negligence, unless the jury finds that the preponderance of the blame or fault causing the injury is attributable to the defendant. While the more reasonable interpretation of the excerpt from the charge now under criticism would seem to be that the court intended to instruct the jury that the plaintiff could not recover if his own fault preponderated in causing his injury, yet the language used by the learned judge might be construed to mean that the plaintiff could recover, whatever might have been his own negligence contributing to his injury, if they also found that the negligence of the defendant also contributed thereto. Of course, what we are saying is only applicable where the evidence shows that the plaintiff could not by the exercise of ordinary diligence have avoided the consequences of the defendant's negligence. Under the facts of the present case, however, the charge objected to, though erroneous for the reasons stated, was harmless. There was no evidence showing any mutual or concurring fault contributing to the plaintiff's injury. Under the testimony in his behalf the case was one of negligence on the part of defendant's agent, unmixed with any negligence on the part of the plaintiff. The evidence for the defendant, on the other hand, indicated that the injury was caused entirely by the plaintiff's own negligence, and that the defendant was entirely free from blame. In other portions of the charge the court fully and accurately charged the issues presented by the evidence of both parties, and the excerpt objected to, although not adjusted to the facts, could not have hurt the defendant. There is no evidence whatever as to mutual fault or blame, but the evidence presents a conflict as to whose fault caused the plaintiff's injury, and this conflict was settled by the verdict of the jury.                    *Judgment affirmed.*