4851.　CENTRAL OF GEORGIA RAILWAY COMPANY *v.* McKEY.

RUSSELL, J. 1. A railroad company, relatively to a person not upon or approaching a public crossing, is under no duty to comply with the statutory requirements as to giving signals and checking the speed of its train; and the failure to comply with such requirements is not, as to such a person, negligence for which damages may be recovered. *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 369 (4), (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145).

2. A driver of an automobile who undertakes to cross a railroad elsewhere than at a public crossing can not recover for injuries to the automobile, received in consequence of a collision with a passing train, solely upon the ground that the railroad company's servants failed to comply with the statutory requirements in reference to ringing the bell or blowing the whistle and checking the speed of the train. The only duty which the

railroad company owes to a person in such a situation is not to injure him or his property wantonly or wilfully, and to use ordinary care to prevent such injury after the person or his property is discovered.

3. The failure of the engineer to give the signals required by the statute when approaching a public crossing will not impose liability upon a railroad company to a person upon or near the railroad track who is fully aware of the approach of the train. In such a case failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of an injury sustained by a person having knowledge of the approach of the train. *Central Railroad* v. *Brinson*, 70 *Ga.* 209.

4. There being evidence of negligence on the part of the driver of the automobile, as well as on the part of the defendant, and the comparison of such negligence being a question for the jury, it was error to refuse a written request to charge as follows: "If you believe that the plaintiff and the defendant were both negligent, but the negligence of the plaintiff exceeded that of the defendant, or equalled it, then the plaintiff could not recover and you would find for the defendant." *Macon Railway & Light Co.* v. *Carger*, 4 *Ga. App.* 477 (61 S. E. 882) ; *Brunswick & Western R. Co.* v. *Wiggins*, 113 *Ga.* 842 (39 S. E. 551, 61 L. R. A. 513).

5. It being undisputed in the evidence that the driver of the automobile saw the approaching train at a distance of about a mile from where the collision occurred, the trial judge should have instructed the jury that the failure of the engineer to ring the bell and blow the whistle would not be such negligence as would afford the plaintiff ground for complaint.

6. The charge to which exception is taken in the 3d ground of the amendment to the motion for a new trial was not erroneous, in view of the fact that the trial judge, in another part of the charge, instructed the jury in reference to the law of contributory negligence.

7. Where in a suit against a railroad company for damages it appears that injury has been sustained by the running of the defendant's trains, a presumption of negligence arises against the railroad company, and it carries the burden of proving that it exercised all ordinary and reasonable care and diligence. This may be done either by showing that the plaintiff was at fault equally with or more than the defendant, or that the injured party could by the exercise of ordinary care have avoided the consequences of the defendant's negligence, or that the injury was due to an unavoidable accident for which neither party was to blame. The railroad company may defend by proving one or more of the foregoing theories of defense. It is not bound, at all events, to prove any particular one or more than one of them; and therefore the court erred in placing the burden upon the defendant in this case of showing that the plaintiff was guilty of negligence or that the occurrence was an accident.

8. The question of the width of the public highway was, under the pleadings, pertinent only for the purpose of illustrating the question whether the plaintiff's automobile stopped within the public highway or beyond the highway. The only allegation of negligence in reference to the character of the crossing maintained was that it was not so filled or elevated

as to afford a safe, easy, and convenient passage for automobiles and other vehicles; hence the question of negligence of the defendant in the maintenance of the crossing should be confined to the specific act of negligence charged in the petition.

9. There was evidence from which the jury could find that at the time of the collision the automobile was on the railroad at a public crossing, and that the defendant was negligent in failing to check the speed of its train before reaching the crossing. In view of the fact, however, that there was a conflict in the evidence as to the location of the automobile, the errors indicated above required the grant of a new trial.

*Judgment reversed.*

DECIDED SEPTEMBER 23, 1913.

Action for damages; from city court of Forsyth—Judge Cabaniss. March 29, 1913.

*Lloyd Cleveland, J. E. Hall, Willingham & Willingham,* for plaintiff in error.

*Whitaker & Dukes,* contra.