15333.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.*
BURTON.

1. The evidence as to the collision between the automobile driven by the plaintiff and the rear end of the freight-train authorized a verdict in favor of the plaintiff.
2. The court did not err in refusing to give to the jury the instruction requested by the railway company as to the meaning of the provision of the motor-vehicle act of 1921 which requires the driver of the vehicle to have it "at all times . . under immediate control" on approaching or traversing a curve or railroad-crossing.
3. It was error to refuse a request to charge to the effect that if the jury believed that the defendant and the driver were negligent to an equal extent, the plaintiff could not recover.

DECIDED DECEMBER 15, 1924.

Action for damages; from city court of Americus—Judge Martin presiding. December 29, 1923.

*R. L. Maynard, H. A. Wilkinson,* for plaintiff in error.

*J. A. Hixon,* contra.

JENKINS, P. J.   1.   This was an action for damages against a railway company for injuries alleged to have been received by the driver of an automobile, occasioned by a collision with the rear end of a freight-train at a public crossing within the limits of an incorporated city. The evidence was in conflict upon almost all of the material issues in the case, including the question whether the signals were given by the operatives of the train on approaching the crossing, as required by law. The verdict for the plaintiff, while not demanded, was fully authorized.

2.   The act of 1921 regulating the use of automobiles and other vehicles provides that, "Upon approaching any . . railroad crossing, . . the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour." Ga. L. 1921, pp. 255, 256 (sec. 2). The defendant requested the court to charge the jury as follows: "I charge you further, the

word 'immediate' as used in the automobile act of 1921, which requires an operator of a motor-vehicle, upon approaching or traversing a curve or railroad crossing, to have the vehicle at all times under immediate control, means 'present' or 'instant' control; that the words, 'shall at all times have such vehicle under immediate control,' mean that the operator of such vehicle shall run the same, when approaching or traversing a railroad crossing, at such speed as would enable him to bring the vehicle to a stop within vision; and this without reference to whether the weather was clear or raining; and in no event shall it be run at a speed in excess of ten miles per hour." The court did not give the charge requested, but read to the jury the provisions of the statute above quoted, and further instructed them as follows: "You will then inquire into the conditions under which the plaintiff was driving this automobile on this occasion, and ascertain and settle as a question of fact whether in approaching this crossing at the time in question, and in undertaking to traverse this crossing on this occasion, she was in compliance with the regulations prescribed by the law relative to the operation of motor-vehicles on the highways and streets of this State. If she was not acting in compliance with these regulations, —that is, if she did not have this automobile under immediate control and was running beyond the mileage as specified in the law, of course it would be your duty to find that she was negligent per se in operating that automobile on that occasion. The words 'immediate control,' as used in the motor-vehicle law, the word 'control' means 'check, to restrain;' the word 'immediate' means 'present, instant.' The act requires that of the operator of a motor-vehicle upon approaching and traversing a sharp curve, railroad crossing, etc.; that is, that the operator of such motor-vehicle shall have such vehicle under immediate control,—that the operator shall be able to stop the same within a certain distance, as a person with a like car and under similar conditions, and having the car running at a rate of speed not greater than that prescribed by the statute, could stop the car." To this instruction no exception was taken, but complaint is confined to the failure to charge. Movant contends that "the omitted last portion of the charge requested, above referred to, was material, in view of the evidence of the plaintiff's witnesses that the engine and cars were within the automobile driver's range of vision twenty yards from the spot of the

injury, and that the automobile could be and was stopped within a distance of four feet after the brakes were applied."

The instruction given was better adjusted to the law and the evidence than the charge requested. The provision of law requiring the operator of an automobile, upon approaching such a crossing, to have the vehicle at all times under immediate control does not necessarily and as a matter of law include the duty of so operating the car as to enable the driver to stop it "within vision" —assuming this expression to mean a constant ability to stop the car before reaching the crossing, after an approaching train may have come within the driver's range of vision. An inability to do so might under given circumstances constitute negligence; while, on the other hand, such a situation might not properly be chargeable to the mechanical condition of the car, the inattention or lack of skill of the driver, or an excessive speed at which it was being driven, but might be chargeable to the negligent manner of approach of the train to the crossing. The term used by the statute can not imply the constant ability to bring the car to a full stop instanter. It must mean, as the judge in effect charged, that, in approaching such a crossing, the operator of an automobile shall have and keep the machine under such constant control as would enable him instantly to govern its movements, including the power to stop within a distance in which such a vehicle, in good mechanical condition, driven by a reasonably skilful driver, and traveling at a lawful rate of speed, could be stopped. In the instant case the defense actually made by the railway company does not seem to rest to any large extent, if at all, upon the inability of the plaintiff to control her car at the time and place of the injury, since it is urged in the motion that it appears from the evidence to have been stopped within four feet after the brakes were applied; but the defense consists rather in the alleged negligence of the plaintiff in failing to control more promptly a car which was being driven in a manner which made it subject to immediate control.

3. Exception is taken to the refusal of the court to charge as follows: "If you believe that the defendant was negligent to some extent, and you further believe that Mrs. Burton, the driver of the automobile, was negligent to an *equal* or greater extent, the plaintiff can not recover in this case, and your verdict should be for the defendant." The court on its own motion, at one place in the charge,

did instruct the jury that, "even though you should find the defendant company negligent, yet if the plaintiff, by the use of ordinary care, could have prevented the injury to herself, she could not recover," and in another connection instructed them that, "if her negligence *exceeded* that of the defendant, she could not recover." The exception is to the refusal to charge as above indicated.

When the plea sets up contributory negligence as a ground of defense, and the evidence is such as might justify it, or when, even without such a plea, the evidence is such as might indicate it, and a proper request to charge on that principle is made, it is the duty of the court to instruct the jury accordingly. *Southern Ry. Co.* v. *Weatherby,* 20 *Ga. App.* 399 (2) (93 S. E. 31).

The rule of law which provides that, if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover (Civil Code of 1910, § 4426), is a different principle from what is known as the doctrine of contributory or comparative negligence. In the one case the failure of the plaintiff to exercise ordinary care to avoid the consequences of defendant's negligence as it had or should have become apparent precludes a recovery; while under the doctrine of contributory or comparative negligence a plaintiff can recover partial damages for injuries caused by the negligence of the defendant railway company notwithstanding his own fault might in some less degree have contributed thereto. Accordingly, the giving in charge of the principle relative to the inability of the plaintiff to recover in case it should appear that she herself failed to exercise ordinary care did not relieve the court of its duty to charge upon the rule of comparative negligence.

"In the trial of an action brought to recover damages against a railroad company for injuries sustained by the running and operation of a train of cars, it was error to charge in such manner as to convey to the jury the impression that if they should believe that both the company and the person injured were equally negligent, the plaintiff could recover." *Brunswick & Western R. Co.* v. *Wiggins,* 113 *Ga.* 842 (3) (39 S. E. 551, 61 L. R. A. 513). In such a case, "if both parties are equally in the wrong, neither can or ought to maintain an action against the other." *Southern Ry. Co.* v. *Watson,* 104 *Ga.* 243, 247 (2) (30 S. E. 818). The pressure of the case resting largely upon the contentions of each party

relative to the alleged negligence of the other, it was error to refuse the written request to charge, which correctly set forth the rule that the plaintiff could not recover in the event the jury should find that the negligence of the plaintiff was either equal to or exceeded that of the defendant. *Central of Ga. Ry. Co.* v. *McKey,* 13 *Ga. App.* 477 (4) (79 S. E. 378). See also *Macon & Western R. Co.* v. *Winn,* 19 *Ga.* 440, 445; *Christian* v. *Macon Ry. & Lt. Co.,* 120 *Ga.* 314 (1) (47 S. E. 923); *Wrightsville R. Co.* v. *Gornto,* 129 *Ga.* 204 (8) (58 S. E. 769); *Pickett* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 177 (3) (74 S. E. 1027, Ann. Cas. 1913C, 1380); *Macon Ry. & Lt. Co.* v. *Carger,* 4 *Ga. App.* 477 (2) (61 S. E. 882); *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 418 (91 S. E. 517). For this reason only a new trial should have been granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*