## 54160. HAUSEN v. JAMES DEVELOPMENT, INC. et al.

BIRDSONG, Judge.

Appellant Hausen brings this appeal from a directed verdict in favor of the appellee Midtown Properties, Inc.

Midtown contracted with co-defendant below, James Development, Inc., to build a shopping center for the contract price of $200,000. James undertook construction and contracted with Hausen to perform the masonry work on the site. Hausen performed under its subcontract with James for several weeks. Hausen did not furnish any of the mortar or cinder blocks used in the construction but did furnish the labor and certain supplies necessary to effect the construction, such as tools and scaffolding. The contract called for James to pay so much for each block laid. Hausen drew one payment based upon the degree of work performed, verified by the count of Hausen and James. After a substantial number of additional blocks had been laid, Hausen heard rumors to the effect that James was in financial difficulties and might abandon the contract. James did in fact abandon the contract. Prior to abandoning the work site, James requested a draw for work performed under its contract with Midtown. Midtown paid James slightly more than $30,000 for all the work performed by all the subcontractors up until the time of the draw. James promptly absconded without paying its subcontractors, one of whom was Hausen. Thereafter, Midtown undertook upon its own volition to complete the project, expending in excess of $226,000 above the $37,000 paid by Midtown to James prior to James' absconding. Hausen performed no further laying

of cinder block after James left. Hausen also filed its lien against the property as well as obtaining a judgment against James for monies due under Hausen's contract with James. Hausen instituted the present suit against Midtown and James seeking to impose and enforce its lien against the owner, Midtown. Upon completion of all the evidence, the trial court apparently granted Midtown's motion for a directed verdict upon the ground that Midtown had expended more than the amount stipulated in the contract between it and James in completing the project, resulting in no funds being left for satisfaction of Hausen's lien. Hausen enumerates two errors.

1. In its first enumeration of error, Hausen complains that there were issues of fact for determination by the jury. The ground of this contention is that Midtown paid James a partial draw but made no effort to see that the money paid to James was paid in turn to the subcontractors performing work for James. Under the rationale of *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62) (1903), Hausen maintains that Midtown's failure to ensure that payment was made by the contractor to the subcontractors renders Midtown liable for Hausen's claim.

The statement of law of continuing liability occasioned by the failure of the owner to see that partial payments are made to subcontractors has no application under the facts of this case. Even the *Green* case recognizes the exception. That case holds at p. 33, ". . . that is to say, the owner is bound for the contract price and is bound to see that to the extent of this price the amounts paid to the contractor are appropriated by him to the payment of valid claims of materialmen and laborers; but if the aggregate claims of materialmen and laborers exceed the contract price, the loss should fall upon them rather than upon the owner." This principle has continuing vitality. It was held in *Smith Heating &c., Inc. v. Biggers,* 139 Ga. App. 216, (1) (228 SE2d 203) (1976), that "where a contractor abandons his contract, 'the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors may claim liens; and if such deductions, together with payments previously made to the con-

tractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract. . .' [Cits.]" In this case, the cost of completion together with the sum previously paid to James exceeded the original contract price. Accordingly, Hausen could not enforce its lien against Midtown. It follows that the trial court did not err in directing a verdict for Midtown, there being no contest of the facts establishing the amount of the original contract nor the excess amount paid by Midtown for the completion of the work after abandonment by the contractor.

2. In its second enumeration of error, Hausen argues that even after James abandoned the contract, Midtown allowed Hausen to perform some work and that the doctrine of quantum meruit should apply. It is Hausen's position that an issue of fact remained as to the value of such services thus rendering the grant of a directed verdict error for that reason. Hausen does not expound upon the facts nor offer any authority for its position.

A mere statement of what occurred during the trial, together with the contentions of the appellant, does not constitute an argument in support of such contentions. Argument is defined as a reason given in proof or rebuttal, or a coherent series of reasons offered. Webster's New Collegiate Dictionary (1976). The central element is reason. The function of argument in a brief is to supply the reason why the court should support the contentions of that party. The failure to support the enumerated error by citation of authority or argument either in the brief or in oral argument, constitutes an abandonment of such enumerated error. Code Ann. § 24-3618 (c) (2); *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630) (1977).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued July 6, 1977 — Decided September 19, 1977.

*Zachary & Segraves, J. Ed Segraves,* for appellant.
*Schreeder, Wheeler & Flint, David H. Flint,* for appellees.