## 54536. HARTFORD ACCIDENT & INDEMNITY COMPANY v. TAYLOR et al.

BIRDSONG, Judge.

This appeal emanates from a declaratory judgment. The facts show that appellee Welch and another young man entered the business establishment of appellee Mabry where food, beer and wine were served. The two young men were accompanied by another appellee, Joy Taylor. There is evidence that both young men were 17 years old, but in spite of their age, they were served and consumed a quantity of beer while at Mabry's establishment. A disagreement ensued between the two young men and other teenagers at the restaurant and a disturbance seemed imminent. Welch and his two companions prudently left the interior of the restaurant and proceeded to the car driven by Welch. Miss Taylor was attempting to enter the vehicle at the same time that Welch was nervously watching the crowd of other teenagers who had followed the three from the restaurant. Welch backed the car out of the parking spot it occupied in Mabry's parking lot without looking to see if his passengers were safely in the car. He backed over the person of Miss Taylor causing serious injury and paralysis. Miss Taylor and her mother brought suit against Welch for his negligence and against Mabry for failing to maintain peace and decorum in his establishment as well as serving alcoholic beverages to minors or intoxicated persons.

Mabry was insured against general liability by the appellant Hartford Accident & Indemnity Co. The policy of insurance contained an exclusionary clause which denied, inter alia, coverage for liability arising out of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which caused or contributed to the intoxication of any person. Appellant Hartford sought a declaratory judgment to the effect that under the clause above discussed, it had neither re-sponsibility to defend the case brought by Taylor nor a

duty to provide liability coverage for the accident in question. After a full hearing, including the examination of witnesses and introduction of pertinent documentary evidence, the trial court held in substance that appellant was required to defend the original tort case as to general liability and that the exclusion was applicable only insofar as the evidence therein might show that the proximate cause of Miss Taylor's injury was the direct product of Welch's intoxication caused by the acts of Mabry's employees in serving beer to minors or to intoxicated persons. Appellant then brought this appeal, enumerating as error the order of the trial court wherein the order rendered appellant liable for injuries incurred from the sale, gift or distribution of alcoholic beverages.
*Held:*

Appellant has misconstrued the obvious intent of the trial court's order. The trial court did not hold that appellant was obligated to defend or was liable for acts clearly falling within the exclusion. In fact the trial court held that appellant was not liable for acts of its insured which clearly fell within the exclusion. We have closely scrutinized this record and transcript and find that there is little, if any, evidence linking Welch's consumption of intoxicating beverages to Miss Taylor's injury. Nor does the evidence reflect that the serving of alcohol to customers in general was the direct proximate cause of her injury. At best there was an issue of fact as to the proximate cause. By its order, the trial court excluded from coverage any liability predicated upon injury resulting from Mabry's serving of intoxicating beverages. We are satisfied that such clarification was all appellant was seeking and that no harm has resulted to appellant from the wording or tenor of the trial court's order.

Moreover, we have experienced difficulty in determining the specific basis for the appellant's enumeration of error. It would appear that appellant seeks to establish a lack of liability. However, a mere statement of what occurred during the trial, together with the contentions of the appellant does not constitute an argument in support of such contentions. Argument is defined as a reason given in proof or rebuttal, or a coherent series of reasons offered. Webster's New

Collegiate Dictionary (1976). The central element is reason. The function of argument in a brief is to supply the reason why the court should support the contentions of that party. The argument portion of appellant's brief contains nothing more than the contentions of the appellant; the brief provides this court with no reasoned arguments or citations of authority in support thereof. The failure to support the enumerated error by citation of authority or argument in the brief leaves nothing for this court to consider and constitutes an abandonment of the error enumerated in this appeal. *Hoskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630) (1977).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 8, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 18, 1977.

*Doremus & Towers, Ogden Doremus,* for appellant.
*Nightingale, Liles & Dennard, Austin E. Catts, Hutto, Palmatary, Boshears & Magda, Edward E. Boshears,* for appellees.