60053. BENNETT v. KUHLKE AND ASSOCIATES, INC. et al.

BIRDSONG, Judge.

The appellant Bennett, plaintiff below, sued Kuhlke, the contractor, and Augusta Aviation, the owner, for injuries he sustained in the Augusta Airport when a temporary stairway fell. The evidence shows that Bennett was a member of the General Aviation Commission for the airport and was the Chairman of the Safety and Maintenance Department of that commission. The accident report

he executed after his accident stated that he was injured "at the beginning of a safety inspection of the pilot's lounge facilities and Commissioner's conference room facilities." Bennett denied, however, that he was a safety inspector for the construction and renovation work inside the building, but stated that as a commissioner he was involved in building the beacon platform and beacon in the hangar building where he was injured; that he was definitely concerned about safety at the airport, including "anything that is dangerous around the airport that has become hazardous," that he generally visited the airport every day to look around. He testified generally that the sort of safety he was concerned with were such things as a big mess in the commissioners' lounge or the ice-maker vents being improperly closed in the commissioners' refrigerator, or dangerous situations in and on the runway facilities. The temporary stairway which was the only means of getting from the first floor to the second floor, or beacon platform floor, was actually a ladder made of two-by-fours and constructed by Kuhlke. While new carpet was installed, the ladder had been temporarily removed, then put back over the new carpet. The evidence of the defendants and of plaintiff's expert witness was that the ladder was probably adequately secured and anchored in place by the sharp edges of the ladder digging into the carpet. At some point, however, an employee of Augusta Aviation noticed the sharp edges digging into the new carpet and placed a small magazine under each foot of the ladder. Bennett continued, many times, to go up and down the ladder in the course of his airport visits. When he was injured, he was standing on the third rung from the top, looking around the second floor when the ladder slipped and fell. The jury returned a verdict for Bennett against Augusta Aviation in the amount of $5,000; his appeal, enumerating five errors, arises in essence from the smallness of the verdict in comparison to his demand, and the release of Kuhlke from any liability. *Held:*

1. In his first enumeration, appellant Bennett ascribes error to the trial court's failure upon request to charge, in essence, that negligence on the part of one tortfeasor (i. e., Kuhlke) can be the proximate cause of injury to the plaintiff if the first tortfeasor (Kuhlke) might have reasonably anticipated that, as the result of the first tortfeasor's having created a dangerous situation, the second tortfeasor (Augusta Aviation) would act negligently in conjunction to cause injury to the plaintiff. There is no merit in this enumeration. The trial court fully and adequately charged that either or both of the defendants could be found negligent, and fully charged on principles of joint and comparative negligence, inherent in which is the principle urged by the appellant.

2. Appellant alleges, secondly, that the trial court erred in overruling his objection to the following question put by defense counsel to plaintiff's expert witness: "A person holding himself out as a qualified safety inspector on a commercial construction job should know as much about a ladder and its safety as you do, would you agree?" It is urged that this was a hypothetical question and thus was improper because at that time there was no evidence in the record that Bennett had held himself out to be a qualified safety inspector. Assuming this question to be a hypothetical question, we find no reversible error. Evidence was later introduced from which the jury could determine that Bennett was and acted as a safety inspector as alleged by the defendants. It is procedurally correct and better in all cases to base a hypothetical question upon evidence already entered, and if the sum of the evidence before the jury does not authorize the question, then the question should not be allowed. But when, as in this case, the question is fully supported by evidence in the record, albeit by tardy evidence, we cannot perceive that the procedural irregularity in timing ultimately is prejudicial and reversible inasmuch as the jury's verdict is based on the totality of the evidence (see *National Trailer Convoy v. Sutton,* 136 Ga. App. 760, 765-766 (222 SE2d 98)) and because the evidence does support a verdict found favorably upon the question. See *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2a 600); and *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410-411 (224 SE2d 65).

3. It was not error, as alleged in Bennett's second enumeration, that the trial court refused to charge the last clear chance doctrine in relation to these parties. The charge did fully and adequately cover the duties of the respective defendants and principles of joint, comparative and contributory negligence. There was, moreover, no evidence authorizing a last clear chance charge. That principle has relation to the immediacy of the defendants' anticipation of a plaintiff's at least partly self-created danger, and not, as Bennett would suggest, to the mere reasonable anticipation that a dangerous situation exists coupled with the duty to correct it.

4. In Enumerations 4 and 5, appellant Bennett alleges it was error to refuse to charge that the plaintiff had the duty of ordinary care and not that degree of care which would absolutely have prevented the injury; and to refuse to charge that the plaintiff as an invitee of Augusta Aviation was not required to minutely inspect the premises. There is no merit in these enumerations. The trial court properly and fully instructed the jury that all three parties had the duty of ordinary care. Inasmuch as the jury did find that one of the defendants had abused its duty in this regard, the jury obviously did

not apprehend that the plaintiff should have minutely inspected the ladder or should have expended that degree of care which would have absolutely prevented the injury. Under the evidence in this case, we think that the exactitude required of Bennett in exercising his duty of ordinary care was a jury question and not a question of law.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 4, 1980 — DECIDED SEPTEMBER 12, 1980—
REHEARING DENIED OCTOBER 16, 1980.

*Jay M. Sawilowsky,* for appellant.
*Thomas F. Allgood, Sr., Gould B. Hagler, Aubrey C. Rhodes, Jr., Duncan D. Wheale, Richard R. Mehrhof, Jr.,* for appellees.

ON MOTION FOR REHEARING.

The appellant complains of this court's holding in Division 1 with regard to the trial court's charge as it related to any liability of the appellee Kuhlke. These complaints are not well-founded since, error or not, the appellant is in no position to complain. The trial court did instruct the jury that either or both defendants could be found liable for negligence. The jury, apparently applying the principles of contributory negligence, found the dangerous condition of the ladder, by whomever caused, was responsible for only $5,000 of the appellant's damages. In other words, only $5,000 in damages were found to be due to parties other than the appellant. Under these circumstances, the appellant cannot complain, for whatever reason, that one of the defendants was released, since the appellant would not have been entitled to a greater recovery in any case. See especially *O'Quinn v. Douglas, A. & G. R. Co.,* 7 Ga. App. 309 (66 SE 810), where we held that "any error of law relating to the defendant's liability was rendered harmless by the verdict [for the plaintiff], unless it was such as might have influenced the jury to reduce the amount that the plaintiff was entitled to recover."

Appellant's complaints concerning Division 2, 3, and 4 beg the questions which are clearly and adequately decided in the opinion and are, accordingly, without merit.

*Rehearing denied.*