## 64027. MULKEY v. GENERAL MOTORS CORPORATION et al.

McMurray, Presiding Judge.

Mulkey bought a new 3/4 ton truck from Andean Motor Company. The vehicle in question had been manufactured by General Motors Corporation.

Shortly after taking possession of the vehicle Mulkey contends he discovered that the truck displayed significant instability in its handling characteristics under certain circumstances. He attempted to remedy the problems by changing the rear tires on the truck and by submitting the problem to the service department of the dealer (Andean). No solution had been found when he lost control of the vehicle while operating it, resulting in a one vehicle accident in which he was injured.

Mulkey brought this action for damages against defendants (Andean and General Motors) alleging breach of warranties of merchantability and setting forth a cause of action predicated on a theory of strict liability. Upon the trial of the case the jury returned its verdict in favor of defendants. Judgment followed the verdict, and plaintiff appeals. *Held:*

1. Plaintiff enumerates as error the trial court's refusal to charge the jury on the law of express warranty, arguing that this issue was presented as to defendant General Motors Corporation by the pleadings and evidence, and therefore, should have been presented to the jury. Defendant General Motors Corporation contends that the issue of express warranty is barred by the pretrial order and that neither the pleadings nor the evidence raises the issue. Defendant Andean Motor Company correctly relies upon the fact that plaintiff's objection attempted to preserve this issue only in regard to defendant General Motors Corporation so that our determination of this issue will not affect the judgment as to Andean Motor Company.

The pretrial order sets forth the *"NATURE OF ACTION"* as: "Personal injuries. Plaintiff shall proceed on the theory of strict liability." One of the purposes of a pretrial order is the simplification of issues for trial which process is envisioned to occur through agreements reached at the pretrial conference thus to be set forth in the pretrial order to guide the subsequent course of the litigation. The above quoted language is apparently that which defendant General Motors Corporation argues should be viewed as limiting the issue for trial in the case sub judice. However, this language appears to be descriptive rather than restrictive. At trial plaintiff's implied warranty action against defendant Andean Motor Company was repeatedly acknowledged, although not set forth in this language

taken from the pretrial order. Although there appears to be some reasonable basis for discussing conflicting constructions of the pretrial order, the circumstances do not require that we address the construction of the pretrial order entered pursuant to Code Ann. § 81A-116 (Ga. L. 1968, pp. 1104, 1106).

As discussed in *Carreras v. Austell Box Bd. Corp.,* 154 Ga. App. 135, 136 (2) (267 SE2d 792), a pretrial order pursuant to Code Ann. § 81A-116, supra, must be considered in light of the mandatory provisions of Code Ann. § 81A-115 (b) (Ga. L. 1966, pp. 609, 627) which provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings ..." Implied consent usually is found where evidence as to the issue is introduced without objection. See *Stroud v. Elias,* 247 Ga. 191, 192 (1) (275 SE2d 46).

In the case sub judice, evidence as to the express warranty provided by the defendant General Motors Corporation as to the vehicle in question was introduced without objection. Defendant General Motors Corporation's contention that the warranty documents were admitted only for a limited purpose is not supported by the record. The record also contains evidence of the plaintiff's attempts to have the vehicle repaired under the terms of the express warranty. Plaintiff repeatedly returned the vehicle to the dealership's service department complaining of the vehicle's handling problems. This evidence presented questions as to whether defendant General Motors Corporation's obligations under the express warranty were fulfilled within a reasonable time. See *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 551 (1) (181 SE2d 694).

We find no prejudice to defendant General Motors Corporation's opportunity to defend and offer evidence as to this issue in that defendant General Motors Corporation's defense was predicated upon evidence refuting any suggestion of a defect in the vehicle in question while suggesting that plaintiff's difficulties with the vehicle arose from improper inflation of tires, improper replacement tires and improper loading of the vehicle. The trial court erred in failing to submit to the jury for determination the issue raised by the plaintiff's evidence as to a cause of action on a theory of breach of express warranty as to defendant General Motors Corporation. *Carreras v. Austell Box Bd. Corp.,* 154 Ga. App. 135, 136-138 (2), supra.

2. Plaintiff's second and third enumerations of error complain of the trial court's allowing defendant General Motors Corporation to submit into evidence the deposition of a witness who gave testimony that after an examination of the subject vehicle he found no defect in

the truck. The plaintiff objected to the admission of this testimony both on the basis of a lack of showing of unavailability as required under Code Ann. § 81A-132 (a) (3) (Ga. L. 1972, pp. 510, 521) and on the basis that the trial court erred in allowing the witness to testify as an expert without a showing of the proper qualifications. Pretermitting the unavailability issue, we find the trial court erred in determining that the witness had sufficiently qualified as an expert.

The knowledge which is required in order that a witness be qualified as an expert in a given field may be derived from education in the particular trade or profession or through special knowledge derived from experience. *Inta-Roto, Inc. v. Guest,* 160 Ga. App. 75, 76 (1) (286 SE2d 61). Whether a witness is qualified to testify as an expert is a question for the sole discretion of the trial court and such discretion unless abused will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4), 262 (126 SE2d 830). In the case sub judice we must conclude that the trial court has exceeded the parameters of its discretion in that the record contains no evidence that the witness in question possessed the prerequisite knowledge. The witness stated that he was the president of a business which provided engineering services in the field of accident reconstruction, fire and explosion studies, personal injury and products liability claims. This testimony, however, provides no insight as to the witness' education or experience. This witness may very well have more than sufficient qualifications to be classified as an expert, but the transcript does not support such a classification. Merely being president (an officer) of a business, without more, does not meet the requisites of an expert.

3. Plaintiff also enumerates as error the trial court's refusal to allow an amendment to plaintiff's complaint so as to set forth a cause of action against defendant Andean Motor Company predicated upon the theory of negligence arising from Andean Motor Company's examination of the vehicle when plaintiff had taken it there for correction of the handling problems. Plaintiff argues that Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106) should be liberally construed so as to allow the determination of the controversy on the merits. Defendant Andean Motor Company argues that a trial court's ruling should not be disturbed except where there has been a showing of abuse of discretion by the trial court and contends that it would be prejudicial to allow plaintiff's amendment setting up a new cause of action to be entered just one working day prior to trial as such laches or inexcusable delay would have rendered its counsel unprepared to defend against the new theory of liability. Generally, a proposed amendment will not be barred simply because it is offered late in the case so long as the other party is not prejudiced. "The burden is on the party seeking amendment to show lack of

laches or lack of unexcusable delay." *Gordon v. Gillespie,* 135 Ga. App. 369, 377 (2) (217 SE2d 628). The record reveals no attempt by plaintiff to satisfy this burden in the case sub judice. The motion to amend was filed on the last business day prior to the beginning of the trial which was more than six months after the date of the pretrial order. As the record contains no showing of a lack of laches or inexcusable delay, we find no abuse of the trial court's discretion in its denial of plaintiff's motion to amend.

*Judgment reversed. Banke, J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Dennis C. O'Brien,* for appellant.
*William P. Tinkler Jr., Lanny B. Bridgers, Donald M. Fain, Gordon A. Smith,* for appellees.