## 39546. ANDEAN MOTOR COMPANY v. MULKEY.
## 39547. GENERAL MOTORS CORPORATION v. MULKEY.

WELTNER, Justice.

Mulkey's complaint against General Motors Corporation and Andean Motor Company claimed money damages for injuries allegedly arising out of a motor vehicle collision caused by the instability and poor handling characteristics of a truck manufactured by General Motors and purchased from Andean. The defendants denied the material allegations of Mulkey's complaint. After entry of a pre-trial order, the case was submitted to a jury, which returned verdicts for the defendants. Mulkey appealed from judgment entered on the verdicts. The Court of Appeals reversed.

We granted the defendants' applications for writs of certiorari to consider whether a deposition properly was admitted in evidence and whether refusal of the trial court to instruct the jury on the law of express warranty was error. *Mulkey v. General Motors Corp.,* 164 Ga. App. 752 (299 SE2d 48) (1982).

1. Counsel for the parties stipulated regarding the taking of the deposition of the expert witness that "The necessity for objections shall be governed by the rules." This was obvious reference to OCGA § 9-11-32 (d) (3) (A) (Code Ann. § 81A-132), which provides that "Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

Extended discussion or citation of authorities is not required to demonstrate that if Mulkey had objected during the deposition to the absence of proof of the witness' competence to testify as an expert, defense counsel might have been able to cure this ground of objection by proof of the witness' qualifications. Mulkey thus waived his right to raise this objection. OCGA § 9-11-32 (d) (3) (A) (Code Ann. § 81A-132). See *Royal Globe Indem. Co. v. Thompson,* 123 Ga. App.

268 (1) (180 SE2d 576) (1971).

2. The Court of Appeals held that the trial court should have instructed the jury on the law of express warranty because evidence of an express warranty covering the truck was admitted into evidence by Mulkey without objection by General Motors, and that the issue of express warranty was tried by implied consent. OCGA § 9-11-15 (b) (Code Ann. § 81A-115).

A reading of the record and transcript of proceedings shows that the case against General Motors was tried on a theory of strict liability rather than express warranty, the obvious reason for this being that the express warranty covered repairs to the vehicle to remedy defects in materials or workmanship, but excluded personal injuries. The damages sought to be recovered were for personal injuries sustained by Mulkey in the collision. The case against Andean was tried on an implied warranty theory, and the express warranty form was in evidence to exclude any disclaimer by Andean of implied warranty.

Mulkey contends on appeal that the trial court erred by overruling his objection to the court's instructions to the jury, which is based upon the failure of the court to charge on express warranty. The pre-trial order indicated that the action against General Motors was for personal injuries and would proceed on a theory of strict liability. Two motions to amend failed to allude to express warranty as a theory of recovery, and no proper request to charge was presented seeking instructions on a theory of express warranty. The objection to the charge as given did not require the trial court to present this additional theory of recovery to the jury. *Echols v. Bridges,* 239 Ga. 25 (235 SE2d 535) (1977).

To allow a judgment to be reversed on an implied consent theory under the facts of this case would be to subvert the purposes of OCGA § 9-11-15 (b) (Code Ann. § 81A-115). *Smith v. Smith,* 235 Ga. 109, 112 (218 SE2d 843) (1975); 3 Moore's Federal Practice ¶ 15.13[2], p. 15-171 (2d Ed. 1983). "Whether an issue has been tried by the implied consent of the parties is a question of fact and a decision on this question is generally considered to be within the sound discretion of the trial court." *Smith v. Smith,* supra, at 113. A party will not be permitted to try his case on one theory, lose, then by objection to the failure of the court to charge on a second theory, stated after the completion of the court's charge, gain an opportunity to try the case again on the second theory. See *Dumas v. Beasley,* 218 Ga. 349, 351 (128 SE2d 59) (1962).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents as to Division 1 and the judgment.*

DECIDED MAY 12, 1983.

*Fain, Gorby, Reeves & Moraitakis, Donald M. Fain, William P. Tinkler, Jr.,* for appellant (case no. 39546).

*King & Spalding, Byron Attridge, Lanny B. Bridgers, Gordon A. Smith,* for appellant (case no. 39547).

*James E. Malone, Dennis C. O'Brien,* for appellee.

HILL, Chief Justice, concurring.

Where a purported expert testifies as to his or her opinion on deposition, must objection that the witness has not been properly qualified as an expert be made then, or can such objection be made at trial? See 8 Wright & Miller, Federal Practice and Procedure: Civil, § 2156; 4A Moore's Federal Practice, ¶ 32.09.

Heretofore, this question has been unresolved in this state. The court has now resolved the question (Division 1) according to the plain meaning of the applicable statute, by requiring that such objection be made at the taking of the deposition.