69196, 69214. CRAFT et al. v. HOSPITAL AUTHORITY OF HALL COUNTY et al.; and vice versa.

(326 SE2d 590)

BIRDSONG, Presiding Judge.

This is an appeal from a jury verdict for the defendants in this medical malpractice case. The injury sued upon was a post surgical staph infection allegedly caused by the appellees' negligence. Appellants cite four enumerations of error. *Held:*

1. Appellants' first enumeration of error urges that the trial court erred in refusing to allow appellants to amend the complaint to conform to the evidence. In support of this enumeration, appellants' brief merely states: "Appellant's [sic] Enumeration of Error No. 1 clearly shows that appellant's [sic] were attempting to amend the complaint to conform to the evidence adduced by appellant [sic] in the presentation of their case. The right to amend a complaint . . . is basic and is sanctioned by law. The trial court refused [sic] to allow appellants to amend constitutes reversible error." No authority is cited. We have often held that a mere statement of what occurred at trial, together with the contentions of the appellants, do not constitute an argument in support of such contentions. "Argument is defined as a reason given in proof or rebuttal, or a coherent series of reasons offered. Webster's New Collegiate Dictionary (1976). The central element is reason. The function of argument . . . is to supply the reason why the court should support the contentions of that party." *Hartford Accident &c. Co. v. Taylor,* 144 Ga. App. 64, 65-66 (240 SE2d 575). *Hausen v. James Dev. Co.,* 143 Ga. App. 265, 267 (2) (238 SE2d 265).

The appellants' statements in support of the enumeration does nothing but repeat their contentions. Merely saying "the right to amend a complaint to conform to the evidence is basic and is sanctioned by law," without citing authority, without any reference to the record or other explanation of the context of the alleged error, proves nothing and is no more than a naked statement of error. It is not argument and it does not "supply the reason why the court should support the contention of [appellants]." *Hartford &c. Co.,* supra; *Hausen,* supra. The failure to support the enumerated error by argument or citation of authority in the brief leaves nothing for this court to consider and constitutes an abandonment of the enumerated error.

Court of Appeals Rule 15 (c) (2). *Hartford &c. Co.*, supra. *Summerfield v. DeCinque*, 143 Ga. App. 351, 352 (238 SE2d 712).

2. Appellants contend the trial court's charge to the jury that appellants seek to recover $10,000 was error because they sought more, but were merely limited by law of pleading in a medical malpractice case to plead for a recovery in excess of $10,000. See OCGA § 9-11-8. While obviously the trial court erred in this charge, no objection to it was made by appellants, and no objection can be made now. *Segars v. Printing Service Co.*, 170 Ga. App. 345 (1) (317 SE2d 322). *Bee v. State*, 168 Ga. App. 75 (308 SE2d 420). Moreover, appellants cannot complain that the charge harmed them because a verdict was rendered for the defendants. In *O'Quinn v. Douglas, Augusta &c. R. Co.*, 7 Ga. App. 309 (66 SE 810), we held "any error of law relating to the defendant's liability was rendered harmless by the verdict [for the plaintiff], unless it was such as might have influenced the jury to reduce the amount that the plaintiff was entitled to recover." See also *Bennett v. Kuhlke & Assoc.*, 156 Ga. App. 110, 113 (274 SE2d 14). In this case, the jury's verdict for the defendants determined defendants not to be liable at all, so an erroneous charge as to the amount claimed by the plaintiffs could not have affected the verdict and was harmless error. See *Bennett*, supra.

3. The remaining enumerations we find without merit, as it is clearly the law in this state that the standard of care owed by a hospital differs from that owed by physicians, and requires adherence to the standard of ordinary care in the locality. *Smith v. Hosp. Auth. of Terrell County*, 161 Ga. App. 657 (288 SE2d 715). See also *Self v. Executive Committee of Ga. Baptist Convention*, 245 Ga. 548 (266 SE2d 168).

On cross-appeal, the Hospital Authority complains of the trial court's denial of its motion for directed verdict. However, there was clearly evidence sufficient to submit to the jury (OCGA § 9-11-50 (a)) and, in any case, the issue is mooted by the jury's verdict in favor of the hospital. The mere fact that a jury ultimately returns a defendant's verdict does not render the failure to direct a verdict error by hindsight.

*Judgment affirmed. Beasley, J., concurs specially. Carley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED FEBRUARY 6, 1985.

*John N. Crudup*, for appellants.
*James E. Brim III*, for appellees.

BEASLEY, Judge, concurring specially.
With respect to Division 1, I agree and wish to add the following.

Appellants' position seems to be that they had an unqualified right to amend, a right so unquestionable that it needs no citation or argument but only a reference to the record page whereon is recounted the attempt to amend and the court's refusal. However, amending the complaint after plaintiffs had rested required leave of court, OCGA § 9-11-15 (a), and plaintiffs must show an abuse of discretion. *Mulkey v. Gen. Motors Corp.*, 164 Ga. App. 752 (299 SE2d 48) (1982). They have not even begun to do so.