74988. MAJEED v. McBRYAR et al.
74989. HOSPITAL AUTHORITY OF WALKER, DADE & CATOOSA COUNTIES v. McBRYAR et al.

(363 SE2d 59)

BENHAM, Judge.

Appellees McBryar, husband and wife, filed suit against appellants Dr. Majeed and the Hospital Authority of Walker, Dade, and Catoosa Counties ("hospital authority"), seeking damages for the alleged wrongful death of their infant daughter who was the second of twins delivered by Mrs. McBryar, with Dr. Majeed in attendance, in a hospital operated by appellant hospital authority. The McBryars alleged that the death of their child was attributable to the negligence of Dr. Majeed and hospital employees in the delivery room. Both defendants were denied summary judgment but were granted certificates of immediate review. This court then granted both defendants interlocutory review of the denial of their motions for summary judgment.

1. In support of his motion for summary judgment, Dr. Majeed submitted his affidavit in which he recounted the birth of the McBryar twins. After the first-born twin was delivered without incident, the doctor allowed "an appropriate lapse of time for spontaneous delivery of the second twin" and then "elected to employ a vacuum extraction method to assist delivery of the second twin." The vacuum extractor was not in the delivery room, but in an adjacent room, and was brought to Dr. Majeed "within a very reasonable time . . ." The child "was delivered with good heartbeat but with poor respiration and muscle tone." She was resuscitated and transferred to the neonatal care unit of another hospital.

The doctor swore that "[t]he time lapse between delivery of the first twin and delivery of the second twin was not an inordinate amount of time. There was no premature separation of the placenta,

and there was no prolapse of the umbilical cord in connection with delivery of the second twin." The doctor opined that he had "exercised at least that degree of skill, care and diligence as would ordinarily be employed by members of the medical profession generally under the same or similar circumstance," and that "nothing that transpired or occurred during or in connection with the delivery of the twin infants . . . proximately caused or contributed to any condition resulting in the death of the second born twin. . . ."

In opposition to the doctor's motion for summary judgment, appellees submitted their affidavits as well as that of a Florida physician. Since the case at bar is a medical malpractice action in which the defendant doctor has sworn he was not negligent, the submission of the affidavits of plaintiffs/appellees, non-experts, was not sufficient to prevent the grant of summary judgment to appellant/doctor. See *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45) (1978). Appellees were required to produce the testimony of an expert in order to be entitled to have the case considered by a jury. Id. "In a medical malpractice case, a defendant-doctor's affidavit stating his expert opinion that his care of the patient met the appropriate standard of care establishes the defendant's right to summary judgment unless the plaintiff counters with a contrary opinion by an expert. [Cits.] That expert opinion in opposition to the defendant's motion for summary judgment must establish 'the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.' [Cit.]" *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791) (1986). "[T]he plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. [Cit.] [The plaintiff] must *state the particulars.* [The plaintiff] must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. [Cits.] . . . To stay in court the plaintiff [must] come forward with specifics." *Loving v. Nash*, 182 Ga. App. 253, 255 (355 SE2d 448) (1987).

In the case at bar, the affidavit of the Florida physician submitted by appellees in opposition to Dr. Majeed's motion stated the doctor's qualifications as an expert and the fact that he had reviewed the medical records. He then opined that "[n]ormally, the length of time shown in this case between the birth of the first and second child would be reasonable. However, assuming that a significant premature separation or shearing off of the placenta and fetal distress occurred after the birth of the first child, it is imperative for the second child to be delivered with all due speed and time was of the essence. It is my opinion that the cause of death of the child and her serious health problems after delivery were consistent with a significant premature separation of the placenta and fetal distress."

While the affidavit of appellee's expert may be read as establishing the parameters of acceptable professional conduct (it is imperative to deliver the second child with all due speed upon premature separation of the placenta and fetal distress), it failed to set forth how appellant Majeed deviated therefrom. The affidavit does not even contain an opinion that Majeed was negligent. The affidavit was "not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment. [Cits.]" *Beauchamp v. Wallace,* supra. See also *Loving v. Nash,* supra; *Bushey v. Atlanta Emergency Group,* 179 Ga. App. 827 (348 SE2d 98) (1986). We leave for another day resolution of the issue whether the affidavit of appellee's expert was subject to the criticism that it assumed a fact not in evidence when the fact allegedly assumed was potentially admissible, since it was contained in a prior inconsistent statement purportedly made by Dr. Majeed to Mrs. McBryar, who recounted it in her affidavit. See *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982); *Cooperwood v. Auld,* 175 Ga. App. 694 (334 SE2d 22) (1985). Summary judgment in favor of Dr. Majeed should have been granted.

2. In support of its motion for summary judgment, appellant hospital authority relied upon the affidavits of its administrator; its vice-president of nursing services; and Dr. Majeed. After reviewing the medical records, both the nursing vice-president and the hospital administrator were of the opinion that the nurses and other hospital employees exercised that degree of care and skill exercised by members of their profession generally and were not negligent in any particular as alleged by appellees, and that the hospital had exercised that degree of care and skill exercised by hospitals generally in northwest Georgia. In his affidavit, Dr. Majeed stated that the vacuum extractor provided by the hospital to assist in delivery of the second twin was the appropriate and correct type of instrument; that there was nothing improper, incorrect, or inappropriate about the vacuum extractor equipment; that the vacuum extractor was brought to the delivery room within a very reasonable time; that there was no unusual or undue delay in making available the vacuum extractor; and that the brief amount of time required to get the vacuum extractor did not, in any way, adversely affect the progress of delivery of the second twin. The doctor opined that "nothing that transpired or occurred during or in connection with the delivery of the twin infants . . . contributed to any condition resulting in the death of the second born twin. . . ."

In response to the hospital authority's motion for summary judgment, appellees again relied upon their affidavits and that of their expert, the Florida physician. Both appellees were present in the delivery room and both recounted in their affidavits the fact that the

vacuum extractor was obtained from a place outside the delivery room. Mr. McBryar recalled a remark made to him by an unnamed nurse who had participated in the delivery of the twins: "She then informed me that if the hospital had had the equipment in the delivery room my daughter's serious condition would never have happened." In a deposition, Mr. McBryar recalled that a nurse at the hospital to which the second twin was transferred told him, "It should never have happened, there was no reason there for it."

Appellees did not present evidence to rebut appellants' expert testimony that the hospital authority employees had exercised the degree of skill and care exercised by members of their profession generally, and that the hospital had exercised that degree of skill and care exercised by hospitals generally in northwest Georgia. The affidavit of appellee's expert did not contain facts that would qualify him as an expert concerning the skill and care that must be shown by a hospital in northwest Georgia (see *Craft v. Hosp. Auth. of Hall County*, 173 Ga. App. 444 (326 SE2d 590) (1985)), and the affidavits executed by appellees contained only hearsay to rebut the affidavits submitted by the hospital authority. Even assuming but not determining that this evidence was admissible under the res gestae exception as permitted by this court in *Stouffer Corp. v. Henkel*, 170 Ga. App. 383 (1) (317 SE2d 222) (1984), it still would not have been sufficient to withstand the hospital authority's motion for summary judgment.

*Judgments reversed. Banke, P. J., concurs in Division 2 and in the judgment. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED NOVEMBER 6, 1987.

*William E. Davidson, Jr.*, for appellant (case no. 74988).

*L. Hugh Kemp, Cynthia K. Johnson*, for appellant (case no. 74989).

*Christopher A. Townley*, for appellees.