76545. STARKS v. ROBINSON et al.
(375 SE2d 86)

BEASLEY, Judge.

Plaintiff Starks appeals from a judgment entered on a jury verdict in his favor but not for the full amount claimed. He enumerates as error: 1) the trial court's refusal to permit the voir dire examination of jurors as to counsel for the two uninsured motorist carriers; 2) the trial court's comment on the evidence which plaintiff contends violates OCGA § 9-10-7; 3) the granting of a directed verdict as to one of the two defendants; 4) the trial court's permitting counsel for defendant Robinson to argue to the jury how to apply the law of comparative negligence.

Plaintiff, riding a motorcycle, had just come over the top of a hill when he was confronted by two stopped automobiles which effectively blocked the road because the one driven by defendant Austin was in the left lane and the other driven by defendant Robinson was in plaintiff's lane of travel on the right. Plaintiff applied his brakes but was unable to stop in time. He then attempted to pass by on the shoulder to the right, but at that moment defendant Robinson pulled her automobile over to the shoulder. As a result, plaintiff's motorcycle

struck defendant Robinson's automobile and became airborne, striking part of a fence and throwing plaintiff to the ground. For injuries sustained, plaintiff sued Austin and Robinson.

They filed answers as did Standard Guaranty Insurance Company and Motors Insurance Company, two carriers of uninsured motorists coverage. After pre-trial conference at which the two insurers participated, the case came to trial. Plaintiff's counsel requested permission to voir dire the prospective jurors regarding their relationship or acquaintance with the two insurance companies' counsel. They objected, stating that they did not intend to participate fully in the trial. After an extended discussion during a bench hearing, these counsel withdrew and agreed to waive both the right to participate in any manner in the trial and any objections to the conduct of it. The trial court denied to them any option to change their minds in this regard and informed counsel: "Once you are out of it, you are out of it." Plaintiff's voir dire was therefore limited to obtaining information about knowledge or acquaintance by prospective jurors concerning the insurance companies but not their counsel.

1. OCGA § 33-7-11 (d) requires service upon an insurance company furnishing uninsured motorist protection and affords it the status of a party if it so chooses. *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 168 (268 SE2d 676) (1980); *Doe v. Moss*, 120 Ga. App. 762 (172 SE2d 321) (1969). The insurance companies did opt to participate by filing pleadings and engaging in the pretrial conference. Plaintiff therefore contends that as a consequence, OCGA § 15-12-133 grants him the right to inquire regarding "the relationship or acquaintance of the juror[s] with the parties or counsel therefor."

That statute is broad, but the trial court still retains the discretion to limit the examination to questions dealing directly with the specific case. *Chastain v. State*, 255 Ga. 723, 724 (1) (342 SE2d 678) (1986). *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238) (1981). After the court carefully insured that counsel for the insurance companies had withdrawn fully from further participation in the trial, a question as to a juror's relationship or acquaintance with counsel was no longer relevant or material to any issue. Plaintiff was allowed to inquire whether any prospective juror had gained any knowledge of the case from any outside source or had any relationship or acquaintance with the insurance companies. No abuse of the trial court's discretion is shown.

2. During cross-examination of defendant Robinson, counsel for plaintiff attempted over objection to show that her trial testimony contradicted her prior deposition testimony. When ruling on admissibility, the trial court stated: "I don't see anything contrary in the deposition that you have read — contrary to what she testified to at the scene." Plaintiff contends this was a prohibited comment on the

evidence proscribed by OCGA § 9-10-7.

While generally the judge should not express within the jury's hearing his or her opinion as to what has or has not been proved, "such an expression or intimation, when not flagrant, is not a [code] violation" when made during discussion with counsel concerning the admissibility of testimony or in explaining the ruling. *York v. State*, 42 Ga. App. 453, 457 (21) (156 SE 733) (1930). *Miller v. State*, 122 Ga. App. 553, 554 (3) (177 SE2d 838) (1970). The court has the right to explain its decision on objections to evidence and, if pertinent, such reasons do not constitute prohibited expressions of opinion. *Reed v. State*, 163 Ga. 206, 213 (2) (135 SE 748) (1926). No violation occurred here.

3. Plaintiff contends that the trial court erred in directing a verdict in favor of defendant Austin for lack of any evidence as to his negligence. Austin had been flagged down by a pedestrian and was stopped in the left lane of travel. Robinson stopped in the right lane to speak to Austin. The conjunction of the two cars effectively blocked plaintiff's progress on the road. A jury could have found that plaintiff's correct maneuver when faced with the emergency was to have passed on the left, but that Austin sealed off that route and thereby negligently contributed to the wreck.

The jury, apparently applying comparative negligence, found for plaintiff in the sum of $6,500 which we must assume to be the total amount of his damages. Even if the ruling in favor of Austin is error, plaintiff cannot complain that one defendant was released because he failed to show his entitlement to a greater recovery in any case, whether against one or two defendants. Absent a showing that the jury was influenced to reduce plaintiff's recovery, *Bennett v. Kuhlke & Assoc.*, 156 Ga. App. 110, 113 (274 SE2d 14) (1980), or that he was otherwise jeopardized (there admittedly being insurance to cover the judgment), the error was harmless.

4. During argument to the jury, defendant's counsel proposed to the jury a method by which they could compare the negligence of plaintiff with that of defendant. Defendant started with the assumption that 100 percent of the total negligence accounted for all of plaintiff's injuries, and with the principle that where plaintiff's negligence equals or exceeds that of defendant then plaintiff may not recover. He reasoned that, assuming defendant was 60 percent negligent and plaintiff 40 percent, plaintiff's negligence should be subtracted from defendant's, yielding for plaintiff a 20 percent recovery of his total damages.

Plaintiff objected to this method of calculation but the court permitted it and informed plaintiff he could advance the measure he thought proper. In his brief to this court, plaintiff relies upon *Georgia R. & Power Co. v. Belote*, 20 Ga. App. 454 (2) (93 SE 62) (1917):

"Where the negligence of the plaintiff equals or exceeds that of the defendant, there can be no recovery; but if the negligence of the plaintiff is less than that of the defendant, and the plaintiff is otherwise entitled, under the pleadings and the testimony, to recover against the defendant, the total amount of damages in dollars and cents should be diminished in proportion to the amount of default attributable to the plaintiff." See OCGA § 46-8-291, a progenitor with OCGA § 51-11-7 of our comparative negligence rule. *Central of Ga. R. v. Rountree*, 10 Ga. App. 696 (3) (73 SE 1095) (1912); *Ga. Power Co. v. Maxwell*, 52 Ga. App. 430, 431 (2) (183 SE2d 654) (1936). The court in *Belote* explained that if defendant were 2/3 negligent and plaintiff 1/3, plaintiff's negligence of 1/3 would be subtracted from the total equalling 3/3 and he would recover 2/3 of his entire damages.

This method is undoubtedly correct (assuming the validity of any mathematical formula) in a "pure" comparative negligence jurisdiction where if plaintiff is 90 percent negligent and defendant only 10 percent, plaintiff can still recover, but with a diminution of the amount of his damages in proportion to the degree of negligence attributable to him. AmJur2d New Topic Svc., Comparative Negligence § 10, page 13. Although the Georgia courts have not adopted this method, and Georgia is not a "pure" comparative negligence jurisdiction, our federal district and appeals courts have consistently utilized the *Belote* rule when applying Georgia law, only in cases where plaintiff's negligence is less than defendant's. *Southern R. Co. v. Neely*, 284 F2d 633, 638 (5th Cir. 1960); *Southern R. Co. v. Campbell*, 309 F2d 569 (5th Cir. 1962); *Southern R. Co. v. Brunswick Pulp &c. Co.*, 376 FSupp. 96, 103 (U. S. Dist. Ct., S. D. Ga. 1974). See also *Atlantic C. L. R. Co. v. Key*, 196 F2d 64, 67 (5th Cir. 1952); *Gross v. Southern R. Co.*, 414 F2d 292, 300 (5th Cir. 1969). Because the Georgia 50/50 barrier is an artificial one, this is a sound approach where the sum of the parties' negligence equals 100 percent of the incident's cause. See 57 AmJur2d 877, Negligence, §§ 446; 449-451. Nevertheless, the Georgia courts have not adopted it.

In *McDonald v. Vaughan*, 115 Ga. App. 544 (154 SE2d 871) (1967), where the total special damages were $2,900 and plaintiff only recovered $1,300, plaintiff argued that, to authorize the verdict in her favor could only denote a finding that defendant's negligence exceeded her own and, under the comparative negligence rule, her damages could not be reduced to less than 51 percent. The court observed that the cases "support any apportionment of damages the jury sees fit to make when the negligence of both parties contributes to the injuries but the plaintiff's to a lesser degree than the defendant's." Accord *Wright v. Satilla Rural Elec. Co-op.*, 179 Ga. App. 230, 232 (2) (345 SE2d 892) (1986); *Fargason v. Pervis*, 138 Ga. App. 686 (1) (227 SE2d 464) (1976). Thus, while we cannot agree that defendant

presented a sound method for computing comparative negligence damages, the failure to sustain the objection to his argument was not reversible error.

This is particularly true in view of the unchallenged jury charge on the subject: "Now, if you find that the defendant was negligent in some way, and you also find that the plaintiff was negligent in some way, then the combined negligence of the plaintiff and the defendant totaling a hundred percent of the negligence involved in the case — then the combined negligence of the two caused the wreck; and then I'm going to give you a formula by which you may — that you may apply in arriving at how much, if any, the defendant owes the plaintiff; and that is termed comparative negligence.

"If you find there was such negligence of the defendant as to make the defendant liable to the plaintiff and you further find there was some negligence on the part of the plaintiff constituting — contributing to his injury and damage, but such negligence of the plaintiff was less than defendant's negligence, then I instruct you that this negligence on the part of the plaintiff would not prevent his recovery of damages in this case, but would require that you reduce the amount of damages, which would otherwise be awarded to the plaintiff in proportion to the negligence of the plaintiff compared with that of the defendant."

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

## ON MOTION FOR REHEARING.

Movant/appellant contends that our decision failed to follow certain cases which were more recent than those cited in the opinion as well as others which are urged as controlling. To clear up any misapprehension, although our Supreme Court has abolished the compulsive aspect of stare decisis for its decisions, *Hall v. Hopper*, 234 Ga. 625, 629 (3) (216 SE2d 839) (1975), it still remains as a persuasive force. *Simpson v. Dickson*, 167 Ga. App. 344, 346 (306 SE2d 404) (1983). Moreover, our rules provide "if there is a special concurrence without a statement of agreement with all that is said in the opinion or concurrence in the judgment only, it shall be a physical precedent only." Court of Appeals Rule 35 (b). Thus, assuming there was a conflict, we are not compelled to adopt a recent decision of ours rather than one of more ancient vintage nor will we follow a decision in which one judge concurred in the judgment only (see e.g. *Karlan v. Enloe*, 129 Ga. App. 1 (198 SE2d 331) (1973)) in preference to several cases generally concurred in by all the judges on the division (see *McDonald*, supra, and cases cited in Division 4 of the opinion).

This court is bound by *Whaley v. Sim Grady Machinery Co.*, 218 Ga. 838 (131 SE2d 181) (1963). See 1983 Ga. Const., Art. VI, Sec. VI,

Par. VI. However, we did not overlook that previously cited case (see Court of Appeals Rule 48 (f)) which recognized the sound discretion of the trial court and only mandated that the requirements of what is now OCGA § 15-12-133 be observed. That code section confers the right to question a prospective juror regarding "the relationship or acquaintance of the juror with the parties or counsel therefor." Counsel had withdrawn and been excluded from any participation in this case and, as was held in the original opinion, the trial court did not err in refusing to permit specific questions regarding them.

*Judgment adhered to.*

DECIDED OCTOBER 14, 1988 —
REHEARING DENIED NOVEMBER 7, 1988 — 

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. McCune,* for appellant.

*Greene, Buckley, DeRieux & Jones, Frank C. Schenck, John D. Jones,* for appellees.