77514. MONTGOMERY et al. v. CITY OF SYLVANIA.
(376 SE2d 403)

BIRDSONG, Chief Judge.

Condemnation. Faye and R. A. Montgomery appeal from the grant of summary judgment to the City of Sylvania. The Montgomerys are the owners of lot 16 in the Sylvan Heights subdivision in Sylvania. They purchased their home on June 6, 1980. An em-

ployee of the City stated that he installed an electrical transmission line across the corner of the Montgomerys' lot in the summer of 1977, before the Montgomerys purchased it. The line was erected to provide electricity to Perry and Vendora Cobb's home. The Cobbs purchased their land in July of 1977. The house on the Cobbs' land was built in 1977.

All lots in the Sylvan Heights subdivision have a dedicated five feet easement across the backside of the lot for installation of electrical utilities. The City's electrical transmission line complained of in this action is one which extends across the southwest corner of the lot, and not across the backside easement. The electric line enters the Montgomery property on the west side approximately 15 feet north of the southwest corner and exits the property 35 feet east of the southwest corner on the backside of the lot.

Although the City's employees stated they installed the line in the summer of 1977, Faye Montgomery stated in her deposition that there was no electrical transmission line across her property when she and her husband purchased it in 1980. Later, she revised her testimony to say that there was an electrical line across the five feet easement across the backside of their property when they moved in, but this last line was installed without notice to or approval by them. The City admits that it upgraded the line across the Montgomery property "a couple of years ago" (1986) to add "two more lines" to provide "three phase" current at a shopping center. Also, the local television cable operator hung his line from the same electrical transmission poles.

In July of 1987, Mrs. Montgomery directed a letter to the City Manager of Sylvania with a bill for $14,000 "for the rental of property for the use of utility lines" crossing her property. She advised the City she was willing to settle the account if the City paid her $75 for damage done to her VCR by a power surge and the City would remove "all utility lines from [her] property that service other residents other than [the] Montgomery home." The City filed this condemnation action and requested appointment of a special master to determine the value of the easement across the Montgomery property. The Montgomerys filed a counterclaim and prayed that the court require the City "to remove the telephone line and cable T.V. line from Defendant's property." The special master determined that the value of the condemned property easement was $390.30. The trial court granted summary judgment for the City, and the Montgomerys have filed this appeal. *Held*:

Appellants enumerate but two errors: (1) "Appellants have been denied their rights of appeal." (2) Appellants have not had an opportunity to have a hearing on their Motion to Set Aside the Taking. . . ."

1. We find many bases for finding no reversible error. First, appellants' argument and citation of authority section in his brief consist of two lines: "Appellants contend that they have been denied their rights of appeal and to have judicial review of the Order of Condemnation." The principal purpose of argument is to provide guidance to this court on the basis for a claim of error and for citations of authority which tend to support appellant's allegation of error. See *Craft v. Hosp. Auth. of Hall County*, 173 Ga. App. 444 (1) (326 SE2d 590). A mere recital, or repetition, of the enumerated error is not argument. *Craft*, supra; *Hartford Accident &c. Co. v. Taylor*, 144 Ga. App. 64, 66 (240 SE2d 575); *Summerfield v. Decinque*, 143 Ga. App. 351, 352 (238 SE2d 712); *Cochran v. Baxter*, 142 Ga. App. 546, 547 (236 SE2d 528). Because there is no argument or citation of authority in the brief, all enumerations are abandoned. *Craft*, supra; *Taylor*, supra; *Summerfield*, supra.

Secondly, any claim that appellants were denied their "rights of appeal" is sophistry, as they are presently participating in their "rights of appeal." Further, any allegation of error because of a lack of hearing on their motion to set aside is due solely to their failure to request oral hearing. The motion was filed by counsel but contains no rule nisi or request for oral hearing. The Uniform Rules provide that motions "shall be decided by the court without oral hearing" unless requested. Rule 6.3. The record before us shows no request was ever submitted, thus there is no error. *Cherry v. Coast House, Ltd.*, 257 Ga. 403 (1) (359 SE2d 904); *Dallas Blue Haven Pools v. Taslimi*, 256 Ga. 739 (354 SE2d 160); *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443).

2. The only relief specifically prayed for by appellants was for removal of the telephone and television lines from their property. Hence, appellants have been compensated for the taking of their property and they do not contest the amount of the award. They seek only the removal of the offending transmission line.

There is a dispute as to when the electrical transmission line was installed over appellants' property. The City presented conclusive evidence that the original electrical line was installed to provide electricity for a home constructed in 1977 and appellants did not purchase their property until 1980. It is general law that a subsequent purchaser of land takes his title subject to the servitudes then existing against the property. *Duffield v. DeKalb County*, 242 Ga. 432, 436 (4) (249 SE2d 235); *Georgia Power Co. v. Kelly*, 182 Ga. 33, 37 (184 SE 861). However, as to this point, Mrs. Montgomery states that the line which cut across the corner of her lot was not there when the property was purchased. Thus, this matter is at issue and must be settled by a jury if it is determined to be material.

However, it is not contested that at sometime in 1987 the

Montgomerys became aware of the electric transmission line and the television cable placed thereon and demanded compensation or removal. Mr. Montgomery testified that he cannot say whether the line was there when they purchased the property but he saw it in "April" of 1977 when the City was erecting a transformer "back there" and he lost power to his house. He asked the City to pay for the damage to his VCR and they refused. He also stated that the City requested his permission to cut down a cherry tree when they were installing the additional power lines to the shopping center. There is evidence that the additional power lines were installed "a couple of years ago" (1986).

Property put to a public use (electrical transmission line), " 'may . . . be put to all customary uses within the definition of the use.' " *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905); *Franklin v. Bd. of Lights &c. Works*, 212 Ga. 757 (1) (95 SE2d 685). Thus, once the original easement is effective, additional electrical lines may be placed on the poles. Further, the Federal Cable Communications Policy Act of 1984 provided that any television cable franchise shall "authorize the construction of a cable system over public rights-of-way, and through easements, which is within the area to be served by the cable system and which have been dedicated for compatible uses" with exceptions not here applicable. 57 USC § 541 (a) (2). Thus, a cable television franchise has a free ride to attach to existing easements with compatible uses and appellants have no viable complaint with reference to the placement of the television cable on an existing easement.

Appellants' specific demand for removal of the transmission line would not be authorized if the landowner was aware of the existence of the transmission line for a sufficient period of time after construction to allow electrical service to begin. *Georgia Power Co. v. Kelly*, supra. Even a public utility, having the right of eminent domain, which knowingly takes land without utilizing a lawful method, is not estopped. *Waldrop v. Ga. Power Co.*, 233 Ga. 851, 852 (1) (213 SE2d 847). "The operation of the rule has for its basis more than ordinary estoppel. It works for the good of the public. A public utility company has the right to acquire land necessary for its corporate purpose. Such may be acquired by purchase, by consent of the owner, or by condemnation, but cannot lawfully be taken against the consent of the owner without compensation. The right to the owner, by whatever method the land is taken, is compensation, which right he may expressly or by inaction waive. . . . Where electric and power lines are established that furnish light and power to the public, all alike . . . become dependent on the service for their individual and general welfare. If a landowner stands by and permits, without legal objection, a public utility company to appropriate his land to its necessary corporate use until such becomes a necessary and constituent part of its service to

the public, and the rights of the public intervene to such extent that to oust the company would interrupt the service and deny it to the public, the landowner, not for the protection so much of the company but for the benefit of the public, will be estopped from recovering the land in ejectment or from enjoining its use for the service, but will, if he moves in time, be remitted to an appropriate action for damages. . . . If the land be taken without his consent and without condemnation, a right of action accrues to him against the company. His measure of damage and the amount of his award is the same. . . ." Id. at 852-853.

Mr. Montgomery became aware of the transmission line at least in 1986 and certainly no later than April of 1987, by his own admission. A claim was asserted by Mrs. Montgomery against the City in July 1987, for damages or removal of the line. The trial court was authorized to find that the action prayed for, removal of the electrical transmission line, which had been providing electrical service to individuals since 1977 and to a shopping center since 1986, would not be subject to *removal* as a matter of law but the property owner would be entitled to damages. *Wiggins v. Southern Bell Tel. &c. Co.*, 245 Ga. 526 (3) (266 SE2d 148). The appellants have been awarded a sum determined to be the value of the property right taken and have not contested that amount. The trial court did not err in granting summary judgment to appellee based on the relief prayed for.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 16, 1988 —
REHEARING DENIED DECEMBER 5, 1988.

*Grady K. Reddick,* for appellants.
*Hugh T. Hunter,* for appellee.